IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY KENNETH ICKES, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No.   19-92 |
| ANDREW M. SAUL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Nelisbeth Ball, held a hearing on May 15, 2018.  (ECF No. 10-3).  On September 6, 2018, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 10-2, pp. 20-31).

After exhausting all administrative remedies thereafter, Plaintiff filed this action.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14).  The issues are now ripe for review.

---

[1]Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

II. **LEGAL ANALYSIS**

    A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Weighing of Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence. (ECF No. 13, pp. 2-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

3

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues all of the medical opinion evidence (including, Plaintiff's treating source, an independent functional capacity evaluation, and the Agency's reviewing medical consultant) establishes greater limitations than that set forth in the residual functional

4

capacity ("RFC").**2**  (ECF No. 13, pp. 2-18).  To that end, Plaintiff submits that the "'lowest common denominator' in the opinion evidence is a limitation to work somewhere between the light and medium exertion levels" specifically as it relates to lifting.  (ECF No. 13, p. 11).  Specifically, Plaintiff sets forth that not one medical opinion opined that Plaintiff could lift up to 50 pounds occasionally as required for medium work.³  (ECF No. 13, pp. 11-18).  Yet, the ALJ found Plaintiff has the RFC to perform medium work, with exceptions, but with no exceptions relating to lifting.  (ECF No. 10-2, p. 25).  Additionally, Plaintiff continues that the reasons given by the ALJ for rejecting the lifting requirements are not borne out in the record.  (ECF No. 13, pp. 11-18).  As a result, Plaintiff maintains that the ALJ's opinion is not supported by substantial evidence and remand is warrant.

After a careful review of the record, I agree with Plaintiff.  In this case the ALJ gave great weight, minimal weight and little weight to various portions of the medical opinion evidence. (ECF No. 10-2, pp. 27-29).  With respect to opinion evidence regarding lifting, however, the ALJ does not discuss with any specificity her rational rejecting the opinion evidence or the basis for crafting the RFC lifting requirement.  Certainly, the ALJ is not required to accept the opinion evidence regarding lifting.  An ALJ, nevertheless, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).  To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000).  "Although the ALJ 'may properly

---

²RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §404.1545(a).

³Medium work is defined as work involving "no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §404.1567(c).

accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).   "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).   Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence.   *Id.*

Here, the ALJ failed to articulate why she rejected the medical opinion evidence regarding lifting and crafted an RFC with the full range of medium work as it relates to lifting.  I find the failure to provide an explanation prohibits me from conducting a proper and meaningful review.  Therefore, I find the ALJ's opinion is not based on substantial evidence and remand is warranted.[4]

An appropriate order shall follow.

---

[4] Plaintiff also argues that the ALJ's "credibility finding" is defective because she failed to consider Plaintiff's "strong work history."  (ECF No. 13, pp. 18-19).   Since I am remanding as set forth above, I need not consider this issue as it will be reviewed on remand *de novo.*   I do note, however, that the ALJ acknowledged Plaintiff worked as a tree cutter supervisor.   (ECF No. 10-2, pp. 29-30). While I recognize that the ALJ did not discuss in great detail Plaintiff's work history, there is also no requirement that an ALJ tarry on about a plaintiff's prior work history.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY KENNETH ICKES, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No.   19-92 |
| ANDREW M. SAUL,[5] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**<u>ORDER OF COURT</u>**

THEREFORE, this 12th day of May, 2020, it is ordered that , it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.